UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 8 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

Jeffery Scott Musselman
_____
_____
_____
(Name of plaintiff or plaintiffs)

v.

CIVIL ACTION NO. 4:22-cv-1216-BRW
(case number to be supplied by the assignment clerk)

Christine Wormuth, Secretary, Department of the Army
_____
_____
_____
(Name of defendant or defendants)

This case assigned to District Judge Wilson
and to Magistrate Judge Ervin

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.  Plaintiff, Jeffery Scott Musselman (name of plaintiff), is a citizen of the United States and resides at 22 Cemetery Road (street address), Vilonia (city), Faulkner (county), Arkansas (state), 72173 (ZIP), (501) 733-5894 (telephone).

3.  Defendant, Christine Wormuth, Secretary of the Army, ATTN: SAMR-EO-CCR (name of defendant), lives at, or its business is located at 1901 South Bell Street (street address), Arlington (city), _____ (county), Virginia (state), 22202-4508 (ZIP).

4.  Plaintiff sought employment from the defendant or was employed by the

defendant at  Building 24-770 Clark Road                    ,  Pine Bluff Arsenal                              ,
                         (street address)                                              (city)
 Jefferson              ,  Arkansas                    ,  71602              .
   (county)                  (state)                        (ZIP)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about  May 28 2014                                                      .
                                                                 (month)     (day)     (year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about  July 10 2014                                       .
                                                       (month)     (day)     (year)

7. The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on  October 4 2022                                    , a copy of which notice
                                                  (month)   (day)   (year)
is attached to this complaint.

8. Because of plaintiff's (1) _____ race, (2) _____ color, (3) _____ sex, (4) _____ religion, (5) _____ national origin, defendant:

    (a) _____ failed to employ plaintiff.

    (b) _____ terminated plaintiff's employment.

    (c) _____ failed to promote plaintiff.

    (d) _____ _____

(6) Reprisal (Witness to prior EEO Activity)

(a) Denial of Administrative Leave

(b) Low Grade on Senior System Civilian Evaluation Report

9. The circumstances under which the defendant discriminated against plaintiff were

as follows: Plaintiff gave witness testimony against senior management officials

following the workplace sexual assault of an agency employee.

The agency retaliated against the plantiff by denying administrative leave and

issuing a low grade on a Senior System Civilian Evaluation Report.

10. The acts set forth in paragraph 9 of this complaint:

(a) __X__ are still being committed by defendant.

(b) _____ are no longer being committed by defendant.

(c) _____ may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

(a) _____ Defendant be directed to employ plaintiff, and

(b) _____ Defendant be directed to re-employ plaintiff, and

(c) _____ Defendant be directed to promote plaintiff, and

(d) __X__ Defendant be directed to Restore reimburse leave, expunge evaluation from Official Personnel File

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_____
SIGNATURE OF PLAINTIFF



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Jeffery S. Musselman, a/k/a
Lowell H.,[1]
Complainant,

v.

Christine Wormuth,
Secretary,
Department of the Army,
Agency.

Request No. 2022003508

Appeal No. 2020005506

Hearing No. 490-2015-00128X

Agency No. ARPINEB14JUL02423

DECISION ON REQUEST FOR RECONSIDERATION

Complainant requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Lowell H. v. Dep't of the Army, EEOC Appeal No. 2020005506 (May 18, 2022). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

On August 7, 2014, Complainant filed his complaint alleging discrimination in reprisal for prior EEO activity when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                          2022003508

1. On June 9, 2014, he received a Successful, Level "2" Annual Performance Evaluation from an individual that was never assigned as his rater; and

2. On June 12, 2014, he requested 120 hours of administrative leave and was denied 80 hours of the requested leave.

Complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ issued a decision without a hearing finding no discrimination. The Agency issued its final order adopting the AJ's decision. Complainant appealed, and the Commission's prior decision affirmed the Agency's final order.

In his request, Complainant provides no evidence to warrant granting his request. The Commission emphasizes that a request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110) (Aug. 5, 2015), at 9-18; see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 2020005506 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.**

3                                                                                               2022003508

The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations

<u>October 4, 2022</u>
Date